IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff-Respondent, | ) | Case No. | CV-09-55-S-BLW |
| | ) | | CR-07-182-S-BLW |
| v. | ) | | |
| | ) | | |
| ELVEN JOE SWISHER, | ) | | |
| | ) | | |
| Defendant-Movant. | ) | | |

Defendant-Movant Elven Joe Swisher ("Swisher") has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) alleging several counts of ineffective assistance of counsel that were previously raised and rejected in his Motion for New Trial in the underlying criminal case. The Court denied the new trial motion on the grounds that it was untimely and that issues of ineffective assistance of counsel should more appropriately be addressed in a § 2255 proceeding. Thereafter, the Court imposed sentence, and Swisher, through counsel, filed a notice of appeal. A month later, Swisher filed his § 2255 Motion in which he states that if the pending appeal prevents consideration of the § 2255 Motion, he wishes to dismiss the appeal.

Generally, the Court may not consider a § 2255 motion until a defendant has

**Order - 1**

exhausted appellate review. *See Feldman v. Henman*, 815 F.2d 1318, 1321 (9th Cir. 1987). Filing a § 2255 motion prior to exhausting direct appeal is premature. *See United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005) (citing *Feldman*). Although this rule is prudential (based on orderly administration and judicial economy) rather than jurisdictional, it applies absent extraordinary circumstances. *Id*. at n.9.

It appears that a simultaneous appeal and § 2255 proceeding may be permitted in cases in which the § 2255 motion contains fact-dependent claims such as ineffective assistance of counsel and the issues raised on appeal are totally distinct from those raised in the § 2255 motion. *See United States v. Prows*, 448 F.3d 1223, 1228-29 (10th Cir. 2006) (stating that the potential for conflict with the direct appeal does not appear to exist where defendant's only avenue for his ineffective assistance of counsel claim is through a § 2255 motion); *United States v. Rangel*, 519 F.3d 1258, 1265 (10th Cir. 2008) (same where defendant is asserting that the government knowingly relied on perjured testimony).

Here, the Court is concerned that despite Swisher's apparent willingness to dismiss his counseled appeal in favor of his uncounseled § 2255 Motion, he may be risking waiver or default on possibly meritorious grounds other than ineffective assistance of counsel. On the other hand, the Court is not in a position to allow the

**Order - 2**

two proceedings to occur simultaneously without knowing what issues are being raised on appeal so it can make an informed determination as to whether they are distinct from the ineffective assistance of counsel claims.  Accordingly,

IT IS HEREBY ORDERED that within ten (10) days from the date of this Order defense counsel advise the Court of the issues he is raising on appeal and his opinion as to whether the appeal and the § 2255 Motion should proceed simultaneously.

IT IS FURTHER HEREBY ORDERED that ten (10) days after defense counsel files his statement of issues, Swisher, *pro se*, and the Government file a statement of their respective positions on whether the appeal and § 2255 should proceed simultaneously.

IT IS FURTHER HEREBY ORDERED that the Government is not required to respond to the § 2255 Motion until the Court has determined whether to allow it to proceed.

DATED:  **March 9, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

Order - 3