IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos. CV-09-55-S-BLW |
| | ) | CR-07-182-S-BLW |
| v. | ) | |
| | ) | |
| ELVEN JOE SWISHER, | ) | |
| | ) | |
| Defendant-Movant. | ) | |
| _____ | ) | |

## INTRODUCTION

Defendant-Movant ("Swisher") filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 while the appeal filed by his counsel is pending.  In his § 2255 Motion, Swisher stated that if the pending appeal prevented consideration of his § 2255 Motion, he wanted to dismiss the appeal. The Court recognized that absent extraordinary circumstances a court may not consider a § 2255 motion until appellate review has been exhausted.  It was also concerned that Swisher would risk waiver or default of possible meritorious grounds for appeal should he dismiss it without input from counsel in his criminal case.  Therefore, the Court directed that defense counsel advise the Court of the issues he intended to raise on appeal and his opinion as to whether the appeal and

**Order - 1**

§ 2255 Motion could proceed simultaneously.  *Order* (Docket No. 2).  It further directed that Swisher and the Government file statements of their respective positions on simultaneous proceedings.  *Id*.  The parties have done so and the Court has reviewed the submissions.

Defense counsel states that he intends to raise "any and all apparent errors that occurred during pretrial proceedings, during Mr. Swisher's trial and relevant to his sentencing."  He does not intend to appeal the denial of Swisher's Motion for New Trial which focused on ineffective assistance of counsel claims.  He believes that the issues presented on appeal will be "different and independent" from the allegations of ineffective assistance of counsel and misconduct in the § 2255 Motion justifying simultaneous proceedings given the relatively short sentence of a year and a day.  However, counsel noted that he would be unable to identify the specific issues until the transcripts were available.

Swisher himself urges simultaneous proceedings on the grounds that he will have served his full term of incarceration prior to his appeal being heard, that the direct appeal will be moot if the § 2255 Motion is granted, that the Government will not suffer any prejudice if the § 2255 Motion is denied, that the circumstances set forth in his § 2255 Motion are extraordinary and substantially different from issues that would be raised on appeal, and that it would be in the interest of justice

**Order - 2**

if the § 2255 Motion were granted before his full sentence is served.

The Government urges the Court to stay the § 2255 Motion pending completion of the direct appeal. It argues that Swisher's claim that his allegations of ineffective assistance of counsel and conflict of interest may result in a new trial do not constitute extraordinary circumstances sufficient to outweigh considerations of administrative convenience and judicial economy given the significant evidence presented in support of the Government's case and the jury's verdict.

## DISCUSSION

As the Court noted in its previous Order, and as counsel and Swisher are well aware, consideration of a § 2255 motion is premature prior to exhaustion of appellate review. *See United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005) (citing *Feldman v. Henman*, 815 F.2d 1318, 1321 (9th Cir. 1987)). The rule, which is designed to promote orderly administration and judicial economy, applies absent extraordinary circumstances. *Id*. at n.9. Such circumstances may include fact-dependent claims that are totally distinct from the issues raised on appeal. *See United States v. Rangel*, 519 F.3d 1258, 1265 (10th Cir. 2008); *United States v. Prows*, 448 F.3d 1223, 1228-29 (10th Cir. 2006).

In *Prows*, the Tenth Circuit reversed the district court's dismissal without prejudice of the defendant's § 2255 motion finding that the government's appeal of

**Order - 3**

the suspended sentence raised "a completely different and non-overlapping issue

than . . . ineffective assistance of trial counsel." *Prows*, 448 F.3d at 1229.  The

court noted that the government's argument against allowing the § 2255 motion to

proceed was based on "situations where the *defendant* has sought to pursue

multiple actions . . . ." *Id*. (emphasis in original).  Here, like the cases relied on by

the government in *Prows*, Swisher – not the Government – filed the appeal.

Other cases in which either an appeal was abated to allow a § 2255 motion

to proceed or in which an appeal and a § 2255 motion were allowed to proceed

simultaneously are likewise distinguishable.  For example, the Tenth Circuit held

that abating the appeal and proceeding with a § 2255 motion was permissible

"when the motion raises a substantial question about the integrity of the

government's prosecution." *Rangel*, 519 F.3d at 1265 (allowing defendant to

proceed with § 2255 claim that government knowingly relied on perjured

testimony).  Here, it is defense counsel's alleged ineffectiveness and conflict of

interest that is at issue – not the Government's misconduct.

Similarly, in a Ninth Circuit case, the court was concerned with alleged

misconduct of the government.  *See United States v. Taylor*, 648, F.2d 565 (9th

Cir. 1981).  There, the defendant appealed the district court's admission of a

document into evidence and also brought a collateral proceeding regarding that

**Order - 4**

document.  He alleged that the government had misled the district judge and defense counsel as to the unavailability of the original of the admitted document thereby resulting in admission of a less reliable document.

The Ninth Circuit noted that filing an appeal "severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts.  (Citations omitted.)" *Id*. at 572.  It further explained that deferring collateral challenges until after direct appeal is exhausted minimizes the risk of "duplicitous and conflicting judicial administration."  *Id*.  The court ultimately concluded that the defendant had met his burden of "proving the existence of circumstances sufficiently extraordinary to warrant dual proceedings" because defendant's allegations "directly and seriously implicate[d]" the decision on the issue raised on appeal.  *Id*.  Here, on the other hand, governmental misconduct is not alleged and it is not known whether resolution of any of the ineffective assistance of counsel claims would directly and seriously implicate any issue on appeal given the appellate briefing has not been filed.

The court in *Taylor* opined that whether the defendant carried his burden of proving the existence of circumstances sufficiently extraordinary to warrant dual proceedings was "a close and difficult question."  *Id*.  Given that *Taylor* involved

**Order - 5**

alleged governmental misconduct that cast "a dark shadow on a pivotal aspect of the direct appeal," it would appear that claims of ineffective assistance of counsel untethered to a pivotal aspect of the direct appeal would not be a close and difficult question.

The Court realizes that defense counsel had not been able to articulate appellate issues at the time he responded to the Court's Order. Nevertheless, without knowing those issues, the Court cannot determine either that there would be no overlap of issues or that there would be an issue tied to one of Swisher's ineffective assistance of counsel claims. For that reason alone, it would be premature to allow Swisher's § 2255 Motion to proceed while his direct appeal is pending. However, the Court is further persuaded by a decision in another context that mere ineffective assistance of counsel claims are not so extraordinary to justify simultaneous proceedings.

In *United States v. Pirro*, 104 F.3d 297 (9th Cir. 1997), the defendant filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 alleging ineffective assistance of counsel. Relief under § 2241 is not available to a defendant unless a § 2255 motion is either ineffective or inadequate. Recognizing that § 2255 motions are generally heard after conclusion of a direct appeal, the defendant argued that he should be able to proceed under § 2241 because otherwise he would be forced "to

**Order - 6**

choose between ether sacrificing his direct appeal to expedite his § 2255 claim or remaining incarcerated pending appeal and bringing his ineffective assistance claim only after the appeal was complete.  *Id*. at 299.  The Ninth Circuit agreed with other circuits that delay in disposition of a § 2255 motion to the extent that it became an ineffective remedy did not entitle a defendant to proceed under § 2241.

The Court recognizes that Swisher's term of incarceration may well be completed by the time his direct appeal is final.  However, he has provided no case from any jurisdiction indicating that a relatively short sentence constitutes an extraordinary circumstance warranting dual appeal and § 2255 proceedings.  Nor has the Court found any such case.[1]

## CONCLUSION

Having sat through the trial in this matter, the Court is very familiar with the

---

[1]  The Court's research has revealed some cases addressing the issue of short sentences in the context of a request for release on bail pending a § 2255 motion. Those cases indicate that a short sentence is an extraordinary circumstance only where the short sentence is for a relatively minor crime and is so near completion that extraordinary action is essential to make collateral review truly effective.  *See United States v. Stafford*, 253 F.3d 701 (5th Cir. 2001);  *United States v. Roberts*, 250 F.3d 744 (5th Cir. 2001); and *United States v. Cole*, 95 F.3d 44 (5th Cir. 1996).  Here, Swisher's offenses of false statements and theft of U.S. Government funds exceeding $68,000 for which the sentence of a year and a day was imposed are clearly not what the Court considers relatively minor crimes.

**Order - 7**

issues raised at trial as well as the evidence presented and the performance of defense counsel.  While Swisher alleges that his trial counsel could have presented more compelling evidence in his defense, he does not allege that the Government's evidence was somehow tainted or raise issues of prosecutorial misconduct that would undermine the Court's confidence in the verdict.  While there may well have been ineffective assistance of counsel that prejudiced Swisher, that determination must await conclusion of the appeal.

Swisher has not carried his burden of proving that extraordinary circumstances exist allowing the Court to consider his § 2255 Motion while his direct appeal is pending.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Swisher's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) is STAYED pending notification by the Ninth Circuit Court of Appeals of either the dismissal or resolution of the appeal.

IT IS FURTHER HEREBY ORDERED that a copy of this Order be sent (1) by mail to Elven Joe Swisher, Reg. No. 12100-085, FCI Terminal Island, Federal Correctional Institution, P.O. Box 3007, San Pedro, CA 90731, and (2) electronically to his attorney in the criminal case, Christopher Bugbee.

**Order - 8**



DATED: **April 27, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 9**