UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>v.<br><br>ELVEN JOE SWISHER,<br><br>　　　　　Defendant-Movant. | Case No. 1:09-CV-55-BLW<br>　　　　1:07-CR-182-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is Elven Joe Swisher's ("Swisher") Motion for Reconsideration (Dkt. 23) of the Memorandum Decision and Order (Dkt. 21) dismissing his § 2255 Motion and Renewed § 2255 Motion (collectively, "§ 2255 Motion"). For the reasons set forth below, the Court enters the following Order denying the Motion for Reconsideration.

## BACKGROUND

　　　　Swisher was charged with and convicted following a jury trial of one count of wearing various unauthorized military medals; two counts of making false statements to the Veterans Administration ("VA") supported by a forged, counterfeit or falsely altered certificate of discharge from the United States Marine Corps; and one count of theft of government funds by effectively stealing disability benefits for Post Traumatic Stress

Disorder ("PTSD") from the VA based on those false statements.[1] The Ninth Circuit affirmed his convictions.

Swisher subsequently filed a § 2255 Motion (Dkt. 1) alleging several claims of ineffective assistance of counsel, many of which were based on a perceived conflict of interest arising out of defense counsel's prior representation of an individual against whom Swisher had testified in a murder-for-hire case. One of his claims of ineffective assistance of counsel was failure to engage in adequate discovery and to subpoena military and hospital records. Swisher also filed a Renewed § 2255 Motion (Dkt. 18) during the pendency of the § 2255 Motion. The Renewed Motion incorporated all of the grounds in the original § 2255 Motion and asserted as newly discovered facts (1) the decision in *United States v. Alvarez*, 617 F.3d 1198 (9th Cir. 2010), *reh'g denied*, 638 F.3d 666 (9th Cir. 2011), which found the Stolen Valor Act facially invalid, and (2) a new Department of Veterans Affairs regulation regarding PTSD claims.

The Court denied the § 2255 Motion and Renewed § 2255 Motion in its entirety and issued a certificate of appealability on the sole issue of whether *Alvarez* warrants addressing Swisher's claim regarding his conviction under the Stolen Valor Act. Within ten days of entry of the Judgment (Dkt. 22) dismissing the § 2255 Motion, Swisher filed the pending Motion for Reconsideration. In the Motion, Swisher "directs the Court's attention to several facts that may have been previously overlooked." The Motion is

---

[1] The Court extensively discussed the background of this case and the trial in its Order Denying Discovery (Dkt. 17) and its Memorandum Decision and Order (Dkt. 23) dismissing Swisher's § 2255 Motion and will not repeat that background here.

supported by materials that he has obtained from various sources which he argues demonstrates that proper discovery would have supported his claims of valor. He seeks either an evidentiary hearing or a certificate of appealability on all issues raised in the § 2255 Motion.

## LEGAL STANDARD

Swisher's Motion does not indicate whether it is brought pursuant to Fed. R. Civ. P.59(e) or Fed. R. Civ. P. 60(b). A Rule 59(e) motion to alter or amend a judgment under must be filed no later than 28 days after entry of judgment whereas a Rule 60(b) motion for relief from a judgment or order must be filed either within a year or within a reasonable time depending on the ground asserted. Because Swisher's Motion was filed within the 28-day time-frame, the Court may construe it as having been brought under either rule.

A court has "considerable discretion" in ruling on a Rule 59(e) motion since specific grounds for a motion to amend or alter a judgment are not listed in the rule. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam). However, amending a judgment is "an extraordinary remedy which should be used sparingly." *Id*. (citation omitted).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest

injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell, id.*).

Unlike Rule 59(e), Rule 60(b) lists several grounds upon which the court may grant relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b), like Rule 59(e), should be used "sparingly as an equitable remedy to prevent manifest injustice" and only in "extraordinary circumstances." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (citing *United States v. Alpine Lane & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Furthermore, when a Rule 60(b) motion seeks to add a new ground for relief or attacks the resolution on the merits of the underlying habeas decision, the motion to reconsider is effectively a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (distinguishing Rule 60(b) motions alleging a defect in the integrity of the § 2254 habeas proceeding from asserting that a previous ruling precluding a merits determination was in error).

## ANALYSIS

The gist of Swisher's Motion to Reconsider is that if counsel had subpoenaed military and hospital records rather than relying on the Government's production of what it characterized as his entire military file and/or if he had been allowed to testify, he may have been acquitted. He cites trial testimony with which he disagrees, offers examples of individuals being denied recognition or benefits during other periods of military conflict, offers guidelines for reconstructing a service record destroyed in a fire (although Marine Corps records of his era were not destroyed in a fire), and offers further support for his belief that the mission in which he allegedly participated has been covered up.

Precluding relief under Rule 59(e) is the lack of any manifest error of law or fact, any newly discovered or previously unavailable evidence, any manifest injustice, or any intervening change in controlling law. While Swisher may disagree with some of the statements or findings of the Court, they do not constitute a manifest error or manifest injustice sufficient to undermine the Court's decision.

Precluding relief under Rule 60(b) is Swisher's similar failure to meet any of the grounds cited in that Rule. Rather, he reasserts prior arguments and alleges that the Court's ruling was in error. As such, it is considered a second or successive § 2255 motion and is barred absent permission from the Ninth Circuit Court of Appeals. Such permission will be granted only when a movant presents "new evidence that could clearly and convincingly prove his innocence" or "has the benefit of a new, retroactive rule of constitutional law." *United States v. Buenrostro*, 638 F.3d 720, 722-23 (9th Cir. 2011) (joining three other circuits in extending *Gonzalez v. Crosby* to motions to reopen § 2255

proceedings).

## ORDER

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 23) is **DENIED**.



DATED: **July 28, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge