UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:09-cv-00055-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| ELVEN JOE SWISHER, | |
| Defendant. | |

# INTRODUCTION

The Court has before it defendant Swisher's motion for new trial or for an evidentiary hearing. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

# LITIGATION BACKGROUND

Swisher was convicted on four counts of defrauding the Government. The Ninth Circuit reversed one of those counts, holding that the statute on which it was based was unconstitutional. Swisher seeks a retrial on the other three counts arguing that the jury was prejudiced by the evidence on the overturned count and that he is entitled to a trial free of that prejudice.

In 2008, Swisher was convicted on four separate counts related to a scheme to defraud the Government of more than $90,000 in veteran's disability payments. The first three counts were felonies: (1) making false statements to the Veterans Administration

(VA) in violation of 18 U.S.C. § 1001(a)(2); forging or altering his certificate of military discharge in violation of 18 U.S.C. § 1001(a)(3); and (3) theft of government funds in violation of 18 U.S.C. § 641. The fourth count was a misdemeanor charge of wearing unauthorized military metals in violation of 18 U.S.C. § 704(a).

The court imposed a below-guidelines sentence of 12 months and one day, with a three-year term of supervised release. The Ninth Circuit affirmed Swisher's conviction and sentence on appeal. *U.S. v. Swisher*, 2009 WL 5033836 (Dec. 23, 2009). Swisher subsequently filed a § 2255 challenge to his conviction for wearing the medals on the ground that it violated his First Amendment rights, relying on the Circuit's intervening decision in *U.S. v. Alvarez*, 617 F.3d 1198 (9th Cir. 2010). The Court denied the motion and Swisher appealed. While Swisher's appeal was pending, the Supreme Court affirmed the Circuit's decision in *Alvarez*, and held that § 704(b) unconstitutionally infringes upon speech protected by the First Amendment. See *U.S. v. Alvarez,* 132 S. Ct. 2537 (2012).

Nevertheless, in a separate case not involving Swisher, the Circuit subsequently distinguished *Alvarez*, and held that § 704(a) survived First Amendment scrutiny. *U.S. v. Perelman,* 695 F.3d 866, 871–72 (9th Cir. 2012). Bound by *Perelman*, a three-judge panel rejected Swisher's constitutional challenge to § 704(a). *U.S. v. Swisher*, 771 F.3d 514 (9th Cir. 2014). The Circuit then took the case en banc, overruled *Perelman* and reversed Swisher's conviction for violation of § 704(a), holding that the statute was an unconstitutional restriction on free speech. *U.S. v. Swisher*, 811 F.3d 299 (9th Cir. 2016).

Swisher now seeks a retrial on the three other counts, arguing that he is entitled to a trial free of what he describes as the inevitable prejudice caused by jury hearing evidence that he wore medals he never earned in violation of § 704(a).

## LEGAL STANDARDS

To obtain a new trial, Swisher must show "compelling prejudice." *U.S v. Lazarenko*, 564 F.3d 1026, 1043 (2009). Compelling prejudice may exist if there is a "[p]rejudicial spillover from evidence used to obtain a conviction subsequently reversed on appeal . . . ." *Id*. "[A] claim of prejudicial spillover cannot succeed unless a defendant . . . prove[s] prejudice so pervasive that a miscarriage of justice looms." *Id*. (citations omitted).

In considering if there is compelling prejudice – or prejudicial spillover – the following factors are considered: (1) "whether the trial court diligently instructed the jury;" (2) "whether there is evidence, such as the jury's rendering of selective verdicts, to indicate that the jury compartmentalized the evidence;" (3) "whether the evidence was so inflammatory that it would tend to cause the jury to convict on the remaining counts;" (4) "the degree of overlap and similarity between the dismissed and remaining counts;" and (5) "a general assessment of the government's case on the remaining counts." *Id*. at 1044 (citations omitted).

## ANALYSIS

Regarding the first factor, the jury in this case was instructed on the elements for each of the four counts, and was then instructed that "[a] separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict

**Memorandum Decision & Order – page 3**

on one count should not control your verdict on any other count." *See Transcript (Dkt. No. 128)* at p. 625. The Court can "presume that jurors, conscious of the gravity of their task, attend closely to the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them." *U.S. v. Olano*, 507 U.S. 725, 740 (1993). Thus, the first factor does not favor a new trial.

The second factor is not applicable here. The third factor asks whether the evidence was so inflammatory that it would tend to cause the jury to convict on the remaining counts. Here, the evidence that Swisher wore the awards consisted of a photograph of him wearing the same awards that he falsely claimed to have earned on the DD-214 form, and his own admission that he wore the awards. In addition, there was argument by the Government during closings that Swisher wore awards he never earned.

Was this evidence so inflammatory that it would lead the jurors to convict Swisher of the three fraud charges? Those three charges alleged that Swisher falsified a form – identified as DD-214 – to obtain disability benefits. That form denoted that he had received the Silver Star, the Navy and Marine Corps Medal with Gold Star, the Purple Heart, the Navy and Marine Corps Commendation Medal with Bronze "V", and the Marine Corps Expeditionary Medal. The VA relied on this fraudulent document to award Swisher disability payments. The evidence of Swisher's fraud first surfaced when the Marine Corps, in attempting to verify the DD-214, discovered that Swisher had never been nominated for, nor received, any of the awards listed on the form.

Thus, the fact that Swisher falsely claimed he *earned* the awards would have been admitted into evidence even if there was no § 704(a) charge. Swisher counters that the

**Memorandum Decision & Order – page 4**

inflammatory evidence was that he *wore* the awards.  He argues that this evidence would not have been introduced if the § 704(a) charge was absent, and that the admission of this evidence constitutes compelling prejudice.

The Court disagrees.  "When the evidence that the government presented on the reversed count was, as a general matter, no more inflammatory than the evidence that it presented on the remaining counts," such evidence does not weigh in favor of a finding of compelling prejudice.  *U.S. v. Hamilton*, 334 F.3d 170, 182 (2nd Cir. 2003).  Evidence that Swisher *wore* the awards is certainly no more inflammatory than evidence that he falsely claimed to have *earned* them in order to receive disability payments to which he was not entitled.  Thus, the third factor does not weigh in favor of a finding of compelling prejudice.

The fourth factor examines the similarity between the charge under § 704(a) and the three fraud charges to determine if it was difficult for the jurors to keep the charges separate.  Here it was easy – the charge under § 704(a) concerned the wearing of the awards, while the three fraud charges concerned Swisher's false statement that he earned them.  There was little risk of prejudice because there were no blurred lines between the charges and the jurors could easily keep them separate.

Finally, the fifth factor assesses the strength of the evidence on the remaining counts.  Here the evidence against Swisher on the other three counts was overwhelming.  There is no record of any of the awards Swisher claims to have earned.  Swisher's own written narrative, introduced into evidence, claims that he earned the awards during a secret combat mission in China or North Korea that resulted in over a hundred deaths of

**Memorandum Decision & Order – page 5**

fellow Marines. But when Swisher took the stand to testify under oath, he said nothing about his secret mission, and testified instead that he had an affair with a commander's girl-friend, implying that the angry commander destroyed any evidence that Swisher had earned his awards. Testimony by Government witnesses showed that there was no record of any secret mission. Unit Diaries and Personnel Rosters show that Swisher never left Middle Camp Fuji, Japan, where he was stationed. The Marines had no record of any battles involving soldiers from the Camp during the time Swisher was stationed there. If Marines had been recruited from that Camp, and suffered over a hundred casualties in a furious firefight, their fellow Marines back at Camp would surely have heard of it. But one of those fellow Marines – Robert Welshans – who was stationed at Middle Camp Fuji during the time of the alleged firefight testified that the Camp was entirely peaceful and that he heard no rumors of battle or casualties.

This evidence against Swisher on the three fraud counts was overwhelming, and therefore the fifth factor does not favor a finding of compelling prejudice. Indeed, none of the five factors weigh in favor of Swisher's motion. Because Swisher has not carried his burden of showing compelling prejudice, the Court will deny his motion for new trial. The Court further finds no reason to hold an evidentiary hearing.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for new trial or evidentiary hearing (docket no. 45) is DENIED.

DATED: May 1, 2017



_____
B. Lynn Winmill
Chief Judge
United States District Court